**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 16-10074 |
| Plaintiff-Appellee, | D.C. No. 2:15-CR-00696-DJH |
| v. | |
| JERRY LOPEZ, | MEMORANDUM[*] |
| Defendant-Appellant, | |

Appeal from the United States District Court
for the District of Arizona
Diane J. Humetewa, District Judge, Presiding

Submitted March 8, 2017[**]

Before:     LEAVY, W. FLETCHER, and OWENS, Circuit Judges.

Jerry Lopez challenges the 37-month sentence imposed following his guilty-plea conviction for conspiracy to transport illegal aliens within the United States, in violation of 8 U.S.C. § 1324(a)(1)(A)(v)(I) and (a)(1)(B)(i). We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

The government argues that the appeal should be dismissed on the basis of the appeal waiver contained in the plea agreement. In light of the district court's ambiguous statement regarding the scope of the waiver during the plea colloquy, we decline to dismiss. *See* Fed. R. Crim. P. 11(b)(1)(N); *United States v. Buchanan*, 59 F.3d 914, 917-18 (9th Cir. 1995).

Lopez contends that the district court erred by increasing his offense level under U.S.S.G. § 2L1.1(b)(6) upon finding that he recklessly created a substantial risk of death or serious bodily injury in the course of his offense. He argues that the court was required to find the facts supporting the enhancement by clear and convincing evidence and such evidence was lacking. The undisputed facts showed that Lopez transported three individuals in the trunk of his sedan, two individuals were in the trunk for approximately two hours, and the trunk was cramped with no fresh or cool air. Two of the individuals stated they feared for their safety, and one explained she was short of breath. We need not resolve what evidentiary standard the district court should have applied because, under any standard, these facts were sufficient to support the enhancement. *See* U.S.S.G. § 2L1.1 cmt. n.5 (2015) ("transporting persons in the trunk . . . of a motor vehicle" example of conduct warranting increase); *United States v. Bernardo*, 818 F.3d 983, 986 (9th Cir. 2016).

**AFFIRMED.**

16-10074